```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

```
RICHARD E. WARREN, et al.,    :
                              :   Civil Action No. 11-4388 (RMB)
           Petitioners,       :
                              :
              v.              :   OPINION
                              :
WARDEN DONNA ZICKEFOOSE,      :
et al.,                       :
                              :
           Respondents.       :
```

**APPEARANCES:**

Petitioners <u>pro se</u>
Richard E. Warren
Sean W. Lee
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232

Perry F. Motolo
FCI Fort Dix
P.O. Box 200
Fort Dix, NJ  08640

**BUMB**, District Judge

Petitioners Richard E. Warren, Sean W. Lee, and Perry F. Motolo, are federal prisoners who were confined at the Federal Correctional Institution at Fort Dix, New Jersey, at the time they filed this action.  Petitioners assert that the Respondents have violated their constitutional rights by reading their legal mail, denying them access to the courts, threatening to transfer them, interfering with their religious observances by confiscating their Bibles, and (with respect to Petitioner

Warren, only) denying his serious medical needs with respect to his need for dentures.

## I. ANALYSIS

A. Jurisdiction

Petitioners have submitted this action as a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  However, this Court lacks jurisdiction in habeas to hear Petitioners' challenges to their conditions of confinement.

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriquez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 544 U.S. 74 (2005).  In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action.  See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein.  See also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237 (3d Cir. 2005) (challenge to regulations limiting pre-release transfer to community corrections centers properly brought in habeas); Macia v. Williamson, 2007 WL 748663 (3d Cir. 2007) (finding habeas

jurisdiction in challenge to disciplinary hearing that resulting in sanctions including loss of good-time credits, disciplinary segregation, and disciplinary transfer).

The Court of Appeals for the Third Circuit has held that habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that federal prisoners may challenge the denial of parole under § 2241); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (challenge to BOP refusal to consider prisoner's request that state prison be designated place for service of federal sentence).

The Court of Appeals has noted, however, that "the precise meaning of 'execution of the sentence' is hazy." Woodall, 432 F.3d at 237. To the extent a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action. See Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002). See also Ganim v. Federal Bureau of Prisons, 235 Fed.Appx. 882, 2007 WL 1539942 (3d Cir. 2007) (challenge to garden-variety transfer not cognizable in habeas); Castillo v. FBOP FCI Fort Dix, 221 Fed.Appx. 172, 2007 WL 1031279 (3d Cir. 2007) (habeas is proper vehicle to challenge disciplinary proceeding resulting in loss of good-time credits, but claims

regarding sanctioned loss of phone and visitation privileges not cognizable in habeas).

Here, Petitioners' challenges are not to the length of their confinement or the execution of their sentences; instead, they are garden-variety challenges to conditions of confinement. Because this Court lacks jurisdiction in habeas to hear Petitioners' claims, and because Petitioners have neither prepaid the filing fee for a civil rights action nor submitted their individual applications for leave to proceed in forma pauperis, this Court will dismiss the Petition without prejudice to Petitioners filing a new and separate civil rights action, individually or jointly, to raise their conditions-of-confinement claims.[1]

This Court cautions Petitioners, however, that any joint civil rights complaint must meet the filing fee requirements and the legal requirements for claims by multiple plaintiffs against multiple defendants, as discussed more fully, below.

B.   The Filing Fee

If Petitioners do not fully prepay the $350 filing fee for a civil action, they must meet the requirements for proceeding in forma pauperis.  Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915.  The Prison Litigation Reform Act

---

[1] Any such civil rights action may, if the rules for joinder are met, be brought jointly by two or more of Petitioners, or may be brought by any of the Petitioners individually.

of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined. Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Where more than one prisoner seeks to proceed in forma pauperis, each must separately satisfy the requirements to

proceed <u>in forma pauperis</u> and each must separately pay the full $350 filing fee. <u>See</u> <u>Hagan v. Rogers</u>, 570 F.3d 146 (3d Cir. 2009).

Petitioners may not have known when they submitted the complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (<u>in forma pauperis</u> actions). <u>See also</u> 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions). If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action <u>in forma pauperis</u> unless

he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

C.  <u>Joinder of Parties and Claims</u>

In addition, any future civil rights complaint asserted by Petitioners against multiple defendants must meet the requirements of the Federal Rules of Civil Procedure regarding joinder of parties and claims.

Rule 18(a) controls the joinder of claims.  In general, "[a] party asserting a claim ... may join as independent or alternative claims, as many claims as it has against an opposing party."

Rule 20(a)(2) controls the permissive joinder of defendants in pro se prisoner actions as well as other civil actions.

> Persons ... may be joined in one action as defendants if:
>    (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; <u>and</u>
>    (B) any question of law or fact common to all defendants will arise in the action.

(emphasis added).  <u>See</u>, <u>e.g.</u>, <u>Pruden v. SCI Camp Hill</u>, 252 Fed.Appx. 436 (3d Cir. 2007); <u>George v. Smith</u>, 507 F.3d 605 (7th Cir. 2007).

In actions involving multiple claims and multiple defendants, Rule 20 operates independently of Rule 18.

> Despite the broad language of rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law

>     or fact common to all.  If the requirements for joinder
>     of parties have been satisfied, however, Rule 18 may be
>     invoked independently to permit plaintiff to join as
>     many other claims as plaintiff has against the multiple
>     defendants or any combination of them, even though the
>     additional claims do not involve common questions of
>     law or fact and arise from unrelated transactions.

7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure, § 1655 (3d ed. 2009).

The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy.  Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002).  However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit.  See, e.g., Pruden v. SCI Camp Hill, 252 Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348 (9th Cir. 1997).

Pursuant to Rule 21, misjoinder of parties is not a ground for dismissing an action.  Instead, a court faced with a complaint improperly joining parties "may at any time, on just terms, add or drop a party.  The court may also sever any claims against a party."

D.   Motion to Prevent Transfer

Petitioners have moved this Court for an order preventing their transfer during the pendency of this action.  Petitioners assert that the transfer is retaliatory and is intended to impair their ability to litigate their claims jointly.

8

As the Petition must be dismissed for lack of jurisdiction, the Motion [2] to prevent transfer will be denied as moot.

In any event, the mere temporal connection between Petitioners' litigation and their transfers is not sufficient to establish unlawful retaliation. Cf. Gans v. Rozum, No. 06-62J, 2007 WL 257127, *6 (W.D. Pa. Aug. 31, 2007) (mere temporal connection between filing of civil rights complaint and exercise restriction is "too thin a reed" on which to hang a retaliation claim), aff'd, 267 Fed.Appx. 178 (3d Cir.) (unpubl.), cert. denied, 129 S.Ct. 84 (2008); Lopez v. Beard, No. 08-3699, 2009 WL 1705674 (3d Cir. June 18, 2009) (allegation of that denial of visitation on two occasions was in retaliation for filing grievances is frivolous).

## II.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed with prejudice for lack of jurisdiction. An appropriate Order will be entered.

s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge

Dated: September 13, 2011